UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH BOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:05CV6 HEA |
| | ) |
| CHUCK DWYER, et al.,, | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Dwyer's Motion to Dismiss for Failure to Exhaust and Failure to State a Claim, [# 26]. Plaintiff opposes the motion and the parties have submitted memoranda in support of their respective positions. For the reasons set forth below, the Motion is denied.

Plaintiff, is an inmate at the Southeast Correctional Center, Charleston, Missouri. Plaintiff filed the instant Section 1983 *pro se* Complaint on January 7, 2005.[1] The Complaint alleges that the defendants denied him medical treatment, that this denial was deliberately indifferent, and that defendants' actions violated his constitutional rights under the Eighth Amendment. Plaintiff contends that he injured himself while

---

[1] Plaintiff previously filed this action on September 16, 2004, Cause Number 1:04CV127 HEA. This action was dismissed without prejudice on December 15, 2004 for failure to exhaust administrative remedies.

playing basketball in April, 2004. According to plaintiff's allegations, he waited a couple of days and his leg would not stop hurting, so he began putting in Medical Forms. The Complaint further sets forth allegations of events which have occurred regarding plaintiff's medical condition. Plaintiff has named medical personnel, Correctional Medical Services, Inc. and Superintendent Chuck Dwyer as defendants.

Defendant Dwyer initially moves to dismiss plaintiff's Complaint for failure to exhaust administrative remedies. Section 1997e(a) of Title 42, United States Code, requires a prisoner to fully exhaust prison grievance procedures before filing suit. *Graves v. Norris* 218 F.3d 884, 885 (8th Cir. 2000). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Indeed, plaintiff's original Complaint was dismissed without prejudice for this exact reason. See, Cause Number 1:04CV127 HEA. There is no dispute that plaintiff filed an Informal Resolution Request (IRR), Grievance and an Appeal with respect to his complaints about his medical condition and treatment. Notwithstanding these filings, Defendant argues that he should be dismissed because he was not specifically named in plaintiff's grievance. A review of the record, however, reveals that defendant signed the Grievance and was specifically named in plaintiff's appeal. As such, defendant was put on notice of

plaintiff's claims.

Exhaustion is an affirmative defense which must be proved by defendants and need not be plead by plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). In the current case, plaintiff has satisfied each step of the grievance process. In fact, plaintiff has been required to "start all over" in this case because the grievance process became complete during his previously filed case and therefore had to be dismissed. Defendant was named in the grievance process and plaintiff did fully pursue his grievance. Under these circumstances, the motion to dismiss for failure to exhaust is denied.[2]

Defendant next argues that he is entitled to qualified immunity. To establish qualified immunity on a motion to dismiss, defendant must show that he is entitled to qualified immunity on the face of the complaint. *Bradford v. Huckabee*, 394 F.3d

---

[2] As Judge Sippel recognized in *Lott v. Roper*, Cause Number 4:04CV989 RWS, this Court is also aware that the Sixth Circuit Court of Appeals has held that a prisoner fails to exhaust his administrative remedies if he does not name each defendant during the first step of the grievance process. See *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003). Likewise, the Court agrees with Judge Sippel that the *Burton* case is not persuasive because it relies on the interpretation of grievance procedures in the Michigan Department of Corrections, see *id.*, at 574, which are inapplicable to the matter before this Court. See, *Lott v. Roper*, Cause Number 4:04CV989 RWS, Memorandum and Order dated June 23, 2005. Furthermore, this Court agrees that its decision herein is not contrary to Judge Noce's holding in *Dashley v. Correctional Medical Services, Inc.*, 345 F.Supp.2d 1018, 1024 (E.D. Mo. 2004) because in *Ashley*, the prisoner did not assert *at any point* during the grievance process that the defendant Superintendent actually participated in the alleged wrongdoing. In the current case, plaintiff des in fact specifically name defendant Dwyer in the grievance process such that he had actual notice of the claims against him.

1012, 1015 (8th Cir. 2005). The qualified immunity analysis requires a two-step inquiry. The first question, taken in the light most favorable to the party asserting the injury, is whether the facts alleged show that the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the facts show that the defendant violated a constitutional right, then the second question is whether the right was clearly established at the time of the alleged violation. *Id*, at 202. In order to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that he is violating the right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Defendant argues that "[i]n order to overcome state official's defense of qualified immunity, Box must make specific factual allegations that show how the defendant was the 'cause in fact' of his constitutional injury." *Clark v. Long*, 255 F.3d 555, 559 (8th Cir. 2001). In support of this position, defendant cites a number of Eighth Circuit cases requiring plaintiff to allege personal involvement in, or directly responsible for, action or incidents that injure him. Defendant urges dismissal because the *pro se* complaint does not "specifically allege how Dwyer was directly involved in the alleged violation or challenged conduct," in spite of plaintiff's allegation that Dwyer deni[ed] send[ing] plaintiff Keith Box out to surgery [to] repair his broken pubis bone.

The Eighth Circuit has recently held that courts may not require heightened pleading requirements for Section 1983 claims against individuals.

> Common law heightened pleading requirements, while once enforced in § 1983 suits, have been eliminated. The Supreme Court invalidated heightened pleading requirements in § 1983 suits against municipalities in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). However, the status of heightened pleading requirements for § 1983 claims against *individual defendants* remained an open question. *See Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 779 n. 3 (8th Cir. 1995). Following *Leatherman*, this Circuit continued to require heightened pleading in § 1983 suits against individual defendants, reasoning that particularity in pleadings facilitated the individual government official's ability to mount a qualified immunity defense early in the litigation. *Id.* We now recognize *Edgington's* heightened pleading requirement in § 1983 suits against individual defendants has been abrogated. The only permissible heightened pleading requirement in civil suits are those contained in the Federal Rules of Civil Procedure or those in federal statutes enacted by Congress. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).
>
>> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In *Leatherman* we stated; "[T]he Federal rules do address in Rule 9(b) the question of the need of greater particularity in pleading certain actions, but do not include among the enumerated action any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius.*" Just as Rule 9(b) makes no mention of municipal liability under [§ 1983], neither does it refer to employment discrimination. Thus, complaints in these

> cases, as in most others, must satisfy only the simple requirements of Rule 8(a).
>
> *Id. (quoting Leatherman*, 507 U.S. at 168, 113 S.Ct. 1160)(footnotes and citation omitted).

*Doe v. Cassel*, 403 F.3d 986, 988-89 (8th Cir. 2005)(footnote omitted).

The standards for dismissal for failure to state a claim absent a heightened pleading standard are well established. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff." *Id.; Midwestern Machinery, Inc. v. Northwest Airlines, Inc.,* 167 F.3d 439, 441 (8th Cir. 1999); *Federer v. Gephardt*, 363 F.3d 754, 757 (8th Cir. 2003). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate entitlement to relief." *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v.*

*Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). With this standard in mind, plaintiff has sufficiently stated a cause of action against Dwyer, consistent with Rule 8 of the Federal Rules of Civil Procedure.

Defendant also urges dismissal on the ground that *respondeat superior* cannot form the basis for liability in a §1983 action. While this is a correct statement of the law, it does not mandate Dwyer's dismissal from this action. Plaintiff's complaint alleges that Dwyer denied the request for medical treatment on his grievance. This allegation is sufficient to state a claim against Dwyer under § 1983.

Finally defendant argues that plaintiff's Complaint fails to show that defendant Dwyer was deliberately indifferent to plaintiff's clearly established Eighth Amendment rights. While defendant is correct that deliberate indifference to an inmate's serious medical needs requires more than a disagreement between plaintiff and defendant regarding his medical treatment, the matter is before the Court on a motion to dismiss, and not a motion for summary judgment, which would allow consideration of evidence outside the Complaint. As such, the Court must take the

allegations in the Complaint as true and construe those allegations in the light most favorable to plaintiff. The Complaint alleges that defendant Dwyer refused medical treatment to plaintiff. As such, it sufficiently states a cause of action for deliberate indifference.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dwyer's Motion to Dismiss for Failure to Exhaust and Failure to State a Claim, [# 26], is denied.

Dated this 25th day of July, 2005.

_____
    HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE