UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KEITH BOX, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV6 HEA |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants Gregorio Rodriguez's Motion for Summary Judgment, [Doc. # 57] and plaintiff's *pro se* "Motion for Injunctive Relief/Default Judgment, [Doc. 58]. The parties have submitted memoranda in support of their respective positions. For the reasons set forth below, the Motion for Summary Judgment is granted; the Motion for Injunctive Relief/Default Judgment is denied.

### **Introduction**

On August 2, 2005, this Court entered its Opinion, Memorandum and Order, granting summary judgment in favor of defendants Stanley, Hakala and Correctional Medical Services. The facts and background of plaintiff's claims are set forth in that Opinion and will not be repeated here, except to the extent relevant to the

current motion .

As previously stated, Plaintiff, is an inmate at the Southeast Correctional Center, Charleston, Missouri. He filed the instant Section 1983 *pro se* Complaint on January 7, 2005.[1] The Complaint alleges that defendant Rodriguez denied him medical treatment, that this denial was deliberately indifferent, and that Rodriguez's actions violated this constitutional rights under the Eighth Amendment. Plaintiff contends that he injured himself while playing basketball in April, 2004. According to plaintiff's allegations, he waited a couple of days and his leg would not stop hurting, so he began putting in Medical Forms. The Complaint further sets forth allegations of events which have occurred regarding plaintiff's medical condition.

## Motion for Injunctive Relief/Default Judgment

At the time of the entry of this Opinion, defendant Rodriguez had not been served. Furthermore, at the time of the Entry of Appearance on behalf of defendants Hakala, Stanley and CMS, counsel was not at liberty to enter his appearance for defendant Rodriguez in light of the fact that Rodriguez was an independent contractor no longer employed by CMS. After service had been effectuated on defendant Rodriguez, counsel was able to ascertain that he was authorized to

---

[1] Plaintiff previously filed this action on September 16, 2004, Cause Number 1:04CV127 HEA. This action was dismissed without prejudice on December 15, 2004 for failure to exhaust administrative remedies.

represent defendant Rodriguez. In his response to plaintiff's Motion, counsel has thoroughly explained the process of acceptance of service and representation of defendant Rodriguez. Plaintiff's allegations of conspiracy and misleading the Court are totally without merit and will not be discussed further. Accordingly, the Motion for Injunctive Relief/Default Judgment is denied.

## Motion for Summary Judgment

Plaintiff has been incarcerated at the Southeast Correctional Center since September 11, 2003. Defendant Rodriguez, a physician, was at the time, an employee of CMS, an entity which contracted with the Missouri Department of Corrections to provide independent contractor physicians to care for the health needs of those incarcerated within the Department of Corrections.

Plaintiff submitted a Medical Services Request on May 28, 2004 for complaints of "groin pull, stomach pain and middle back pain."[2] A non-defendant nurse evaluated plaintiff that day and noted plaintiff's complaint that his right groin felt like a bone was sticking him and it went into his right buttock. This nurse noted

---

[2] Plaintiff disputes that this was his first request for medical attention and argues that the Medical Services Request Form has been altered. Plaintiff's assertions alone, however, are insufficient for this Court to find that the Department of Corrections form has been altered or changed by Department of Corrections personnel.

that plaintiff also complained of urinating about 20 times per day and that his urine had a strong odor. The nurse noted that a urine dipstick was done and "wnl only abnormal was bilirubin 2+," i.e., it was essentially within normal limits. Upon examination, the nurse noted that there was no swelling noted to plaintiff's groin area. The nurse gave plaintiff Tylenol for pain as needed and told plaintiff to return to the medical unit if there was no improvement.

Plaintiff submitted a Medical Services Request on May 30, 2004 for complaints of pain in his groin, stomach and middle back. He was evaluated by a non-defendant nurse on June 1, 2004. Plaintiff's complaints were noted and it was further noted that plaintiff stated that his problems had been present for over a month. No adverse physical findings were noted by the nurse. Plaintiff was advised to return to the medical unit, if needed.

On June 3, 2004, plaintiff was evaluated by a non-defendant nurse for complaints of stomach, back and groin pain. Plaintiff denied wanting any medication and was referred to a physician for evaluation of his ongoing complaints.

Defendant Rodriguez evaluated plaintiff for the first and only time on June 11, 2004 for complaints of a painful hard lump over his right pubic area. Rodriguez noted that plaintiff stated that he (plaintiff) was playing basketball, jumped and when he landed he felt a sharp pain over the right groin area and thought it was a

pulled muscle. Rodriguez noted that plaintiff had a hard, irregular mass below the medial ligament. He suspected a callus of fracture of the pubic bone and ordered an x-ray to be taken of the pelvis, a follow up appointment and issued a lay-in for a bottom bunk for 3 weeks.

The further facts of plaintiff's medical treatment are set forth in the Court's Opinion of August 2, 2005, and are not necessarily repeated herein because Rodriguez had no further contact with plaintiff.

## **Summary Judgment Standard**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set

forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated standards in mind.

## **Discussion**

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991)."

*Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). To prevail on a deliberate indifference claim against defendant, plaintiff must show he suffered from a serious medical need and defendants knew of, yet disregarded, the need. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir.1999).

Plaintiff has failed to create any genuine issues of material fact regarding his Eighth Amendment claims against Rodriguez. While plaintiff's claims <u>may</u> satisfy the objective aspect of the two prong test showing that he has serious medical needs, see *Roberson*, 198 F.3d at 648 (need or deprivation alleged must be either obvious to layperson or supported by medical evidence, like physician's diagnosis), plaintiff cannot prove that Rodriguez knew of the serious medical needs and deliberately disregarded them. The subjective element of an Eighth Amendment claim requires that an official act with deliberate indifference to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994). "A showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions. *Estate of Rosenberg v. Crandall*, 56 F.3d 35, 37 (8th Cir. 1995). An inmate must prove that officials knew about excessive risks to his health but disregarded them, *Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997), and that their unconstitutional actions in fact caused his injuries.

*Calloway v. Miller*, 147 F.3d 778, 781 (8th Cir. 1998)." *St. Cloud v. Weber*, ___ F.3d ___, Cause Number 05-1888 (8th Cir. January 10, 2006), Slip Op. at p.5.

The record before the Court shows that Rodriguez treated plaintiff based on plaintiff's complaints. He ordered an x-ray, and issued a lay-in for a bottom bunk for three weeks. Subsequently, plaintiff was seen by other medical personnel, as set forth in the Court's Opinion of August 2, 2005. This course of treatment was consistent with plaintiff's medical needs.

Plaintiff argues that the two week delay in the x-ray establishes deliberate indifference. Initially, it should be noted that this delay was not caused by Rodriguez, rather, the delay occurred because of other personnel issues. Furthermore, in order to establish that a delay in treatment rises to the level of a constitutional deprivation, plaintiff must establish that the delay had a detrimental effect. "To avoid summary judgment an inmate alleging that a delay in treatment constitutes a constitutional deprivation must produce medical evidence to establish that the delay had a detrimental effect. *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)." *Id*., at p. 6. The record is devoid of any medical evidence to establish that the delay in plaintiff's x-ray in fact had a detrimental effect.

Defendant has presented the declaration of Dr. Elizabeth Conley, a licensed physician, who testifies that Rodriguez's treatment of plaintiff falls well within the

standard of care in the community. Plaintiff has not controverted this evidence with any admissible medical evidence, rather, he continues to argue that his medical treatment is not sufficient and that he needs to be seen by specialists. This, however, is insufficient to overcome the evidence in the record. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997).

## Conclusion

Based upon the foregoing, plaintiff has failed to present any genuine issues as to any material fact to establish that defendant Rodriguez violated his constitutional rights in violation of Section 1983. Defendant Rodriguez is, therefore, entitled to judgement as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Rodriguez's Motion for Summary Judgment, [Doc. No. 57], is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Injunctive Relief/Default Judgment, [Doc. 58], is denied.

**IT IS FURTHER ORDERED** that judgment in defendant's favor shall be entered when all remaining issues herein have been resolved.

Dated this 18th day of January, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE