UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH BOX, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:05CV6 HEA |
| CHUCK DWYER, et al., | ) | |
| Defendants | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's "Motion to Proceed to Trial," [Doc. No. 66]; plaintiff's "Motion for Order of Protection/Injunctive Relief/Investigation Against Staff/Harassment to Stop," [Doc. 70]; plaintiff's "Amended Complaint/Harassment and Retaliatory Actions," [Doc. No. 71]; plaintiff's "Amended Motion for Harassment/Retaliation," [Doc. No. 77]; and plaintiff's "Amended Pleadings with Additional John Doe's [sic] (Parties)," [Doc. No. 79].

The Court entered its Case Management Order on January 27, 2006. In the Case Management Order, the Court sets forth the procedures and time frames within which this case is to proceed. Plaintiff's "Motion to Proceed to Trial" is therefore moot, and will be denied as such.

Plaintiff's "Motion for Order of Protection/Injunctive Relief/Investigation Against Staff/Harassment to Stop," and his "Amended Complaint/Harassment and

Retaliatory Actions, seek injunctive relief against certain staff members whom plaintiff claims are retaliating against him because of this case. These staff members are not parties to this action. Plaintiff seeks to add new defendants through these pleadings and in his "Amended Pleadings with Additional John Doe's [sic] (Parties)" and new claims. Plaintiff has not demonstrated that he has exhausted his administrative remedies with respect to these claims. The Court disagrees with plaintiff that exhaustion is not required.

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is mandatory, even where the administrative process cannot provide the relief sought by the plaintiff. *See Booth v. Churner,* 532 U.S. 731, 741 n. 2 (2001); *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir.2003).

In *Johnson*, the Eighth Circuit Court of Appeals held:

> The Supreme Court [ ] addressed the issue of exhaustion under section 1997e(a) in *Porter,* holding that exhaustion is now mandatory. 534 U.S. at 524, 122 S.Ct. 983. The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages,

> exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now
>
> required for all "action[s] ... brought with respect to prison conditions," whether under § 1983 or "<u>any other Federal law</u>."
> *Id.* (internal quotations and citations omitted).

*Johnson* 340 F.3d at 627-628. (Emphasis added).

Furthermore, the Court agrees with defendants that plaintiff has failed to demonstrate any connection between the allegations contained in the motion for injunctive relief and the claims against the defendants in this case. Although the time for adding parties has not passed, plaintiff is attempting to add *new* parties with *new* claims. Such addition would serve to delay the currently pending litigation and work a hardship on the remaining defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Proceed to Trial," [Doc. No. 66]; plaintiff's "Motion for Order of Protection/Injunctive Relief/Investigation Against Staff/Harassment to Stop," [Doc. 70]; plaintiff's "Amended Complaint/Harassment and Retaliatory Actions," [Doc. No. 71]; plaintiff's "Amended Motion for Harassment/Retaliation," [Doc. No. 77]; and plaintiff's "Amended Pleadings with Additional John Doe's [sic] (Parties)," [Doc.

No. 79], are denied.

Dated this 20th day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE