UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH BOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:05CV6 HEA |
| | ) |
| CHUCK DWYER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Chuck Dwyer's Motion for Summary Judgment, [Doc. # 157]. The parties have submitted memoranda in support of their respective positions. For the reasons set forth below, the Motion for Summary Judgment is granted.

### Introduction

On August 2, 2005, this Court entered its Opinion, Memorandum and Order, granting summary judgment in favor of defendants Stanley, Hakala and Correctional Medical Services. On January 19, 2006, the Court entered its Opinion, Memorandum and Order granting summary judgment in favor of defendant Rodriguez. Defendant Dwyer now moves for summary judgment, arguing that the record establishes that there are no genuine issues of material fact as to plaintiff's

claims against him.

As previously stated, Plaintiff, is an inmate at the Southeast Correctional Center, Charleston, Missouri. He filed the instant Section 1983 *pro se* Complaint on January 7, 2005.[1] The Complaint alleges that he was denied medical treatment, that this denial was deliberately indifferent to his medical needs, and that Dwyer's actions violated this constitutional rights under the Eighth Amendment.

## **Facts and Background**

Plaintiff has been incarcerated at the Southeast Correctional Center since September 11, 2003. Defendant Dwyer was the Superintendent of Southeast Correctional Center at that time.[2] Former defendant Correctional Medical Services is an entity which contracted with the Missouri Department of Corrections to provide independent contractor physicians to care for the health needs of those incarcerated within the Department of Corrections.

The specific facts regarding plaintiff's medical treatment and his claims of deliberate indifference are set forth in the Court's Opinion of August 2, 2005, and

---

[1] Plaintiff previously filed this action on September 16, 2004, Cause Number 1:04CV127 HEA. This action was dismissed without prejudice on December 15, 2004 for failure to exhaust administrative remedies.

[2] Defendant Dwyer has subsequently retired from his position. Plaintiff's allegations regarding events which occurred after defendant's retirement are therefore moot as to this defendant.

are incorporated herein. Unsatisfied with his medical treatment, plaintiff filed an Offender Grievance on August 20, 2004. The grievance was reviewed by former defendant Phyllis Stanley, Health Services Administrator. Stanley issued her response on September 16, 2004, which provided, in relevant part,:

> Subsequent to my review and investigation, I have found the following:
>
> 1. You have been examined by Dr. Hakala on four different occasions.
>
> 2. You are currently being treated by Dr. Hakala, lab work, x-rays and possible referral to surgeon.
>
> 3. The x-ray technician you are referring to was out on maternity leave but we had a temporary technician to replace her during her absence.

Defendant Dwyer signed the grievance on September 17, 2004.

Plaintiff filed an Offender Grievance Appeal on September 24, 2004. The Offender Grievance Appeal Response was issued by a Health Services Administrator on November 10, 2004 and was reviewed by the Regional Medical Director on November 12, 2004. The appeal was denied.

## **Summary Judgment Standard**

The standards for summary judgment are well settled and have been set forth in the Court's previous Orders. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l*

*Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

### **Discussion**

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991)." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). To prevail on a deliberate indifference claim against defendant, plaintiff must show he suffered from a serious medical need and defendants knew of, yet disregarded, the need. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir.1999).

There is no respondeat superior liability for supervisors with regard to prisoner deliberate indifference claims. "A general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995). The Eighth Circuit held in *Camberos* that because the warden lacked medical expertise he could not be held liable for the medical staff's diagnostic decision not to refer the plaintiff inmate to a doctor to treat his shoulder injury. The Court finds the case at

hand is analogous to *Camberos,* in that defendant Dwyer relied upon the medical staff to make diagnostic decisions regarding the plaintiff's medical care. Defendant was not involved in the treatment decisions concerning the plaintiff. *See Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for prison operation is insufficient to establish personal liability where prison officials lacked medical expertise, were not involved in treatment decisions and claims were referred to the medical unit) and *Spruce v. Sargent,* 149 F.3d 748 (8th Cir.1998) (grievance form in which prisoner complained of being "jumped on" by inmate, and of mental stress was insufficient to establish that assistant director of corrections department had subjective knowledge that prisoner faced excessive risk of rape by other inmates). The evidence establishes that plaintiff's only contact with defendant was through a grievance. Admittedly, defendant signed petitioner's grievance. The signature reflects defendant's review of the conclusions reached by the medical personnel. Plaintiff appealed the grievance, and the grievance was denied by the Health Services Administrator and reviewed by the Regional Medical Director. Plaintiff has presented nothing, other than the signing of the grievance, in support of his claim against defendant Dwyer. Standing alone, this is insufficient to establish that defendant was aware of plaintiff's medical needs and deliberately disregarded those needs; defendant, an individual with no medical training, is entitled to rely on

the medical decisions of medical personnel. *Camberos v. Branstad,* 73 F.3d at 176. Thus, there is no genuine issue of material fact for trial that defendant was personally involved in any unconstitutional denial of medical care to plaintiff and summary judgment will be entered in his favor.[3]

## Conclusion

Based upon the foregoing, plaintiff has failed to present any genuine issues as to any material fact to establish that defendant Dwyer violated his constitutional rights in violation of Section 1983. Defendant Dwyer is therefore entitled to judgement as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dwyer's Motion for Summary Judgment, [Doc. No. 157], is granted.

A separate judgment in accordance with this Order is entered this same date.

Dated this 29th day of September, 2006.

*[signature]*

---

[3] This conclusion would also be supported by the record even absent the Eighth Circuit authority of *Camberos* since the Court has previously entered summary judgment on behalf of the medical personnel, finding that they were not deliberately indifferent to plaintiff's serious medical needs.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE