UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KEITH BOX, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV6 HEA |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion for Reconsideration, [Doc. No. 187].[1] For the reasons set forth below, the Motion is denied.

District courts enjoy broad discretion in ruling on these types of motions. *See Concordia College Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir.1993). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no more than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care v. P.T.--O. T. Assoc. of the Black Hills,*

---

[1] Prior to the Motion for Reconsideration, plaintiff filed several motions, *to wit*, a Motion for Injunctive Relief, [Doc. No. 182], a Motion for Hearing, [Doc. No. 183], a Motion to Compel, [Doc. No. 184], and a Motion for a Ruling, [Doc. 185]. In that these motions were filed after the entry of the Judgment in this matter, they are denied as moot.
 Plaintiff has also filed a Notice of Appeal on October 16, 2006, the same day the instant motion was filed. Pursuant to Rule 4a(4)(A)(iv) and a(B)(I) of the Federal Rules of Appellate Procedure, this Notice of Appeal will become effective upon the entry of this Order.

141 F.3d 1284, 1286 (8th Cir. 1998)(quoting *Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996)). Motions under Rule 59(e) serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Rule 59(e) motions are not proper vehicles for raising new arguments or legal theories. *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Id.* (citations and quotations omitted).

In this case, defendant disagrees with the Court's rulings on the Motions for Summary Judgment and various other motions he filed. The Court has reviewed the pleadings, the record and these rulings and finds no manifest errors of law or fact which would justify granting a Rule 59(e) motion to amend or alter its prior judgment. Plaintiff continues to argue that he is not receiving proper medical treatment, however, the record before the Court establishes that the treatment plaintiff received was within the proper standards. Furthermore, plaintiff continues to seek to add claims to this actions. Based on the record, this action is not the proper mechanism to raise new claims against these defendants or to add new

defendants. Plaintiff continues to insist that his treatment is not proper, however, the fact that plaintiff disagrees with his treatment is insufficient to state a claim for deliberate indifference to plaintiff's serious medical needs. The Court has, on various occasions, articulated its reasoning for its rulings. After a careful review of this record, the Court finds no manifest errors of law or fact in its decisions. Thus, there is no reason for amending the judgment in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Reconsideration, [Doc. No. 187], is denied.

Dated this 31st day of October, 2006.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE