UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH BOX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 1:05CV6 HEA |
| | ) |
| CHUCK DWYER, et al. | ) |
| | ) |
|     Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion in Equity Under Rule 60(b) Against the Defendants/Appellees, [Doc. No. 216]. Defendants oppose the motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

The facts and background of this action are set forth in the Court's previous Orders. With respect to the motion, Plaintiff seeks to reopen this case for reconsideration of the Court's Memoranda and Orders granting summary judgment in favor of Defendants. These Orders have been affirmed by the Eighth Circuit Court of Appeals. Plaintiff's previous motions to reopen the appeal have been denied and Plaintiff's Petition for Writ of Certiorari has also been denied.

## **Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." *Watkins v. Lundell*, 169 F.3d 540, 544-45 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir.1999).

Plaintiffs are attempting to make the same arguments that were made in their previous pleadings, and other related filings with the court.

In its previous Orders, the Court articulated its reasoning for granting summary judgment. These rulings were based on the record before the Court. Although Plaintiff persists in arguing that Defendants have committed fraud and have falsified his medical records, there is nothing in the record before the Court to support such spurious claims. Plaintiff has presented nothing showing that a mistake of law has been made.

## **Conclusion**

Based on the foregoing analysis, the Court finds no basis upon which to

reopen this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Reopen, [Doc. No. 216], is **DENIED**.

Dated this 10th day of November, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE